**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4449**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KIMBERLY JENNIFER OWENS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Timothy M. Cain, District Judge. (6:16-cr-00522-TMC-1)

Submitted: December 19, 2017                    Decided: December 21, 2017

Before SHEDD, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lora Blanchard, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Elizabeth Jeanne Howard, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kimberly Jennifer Owens pled guilty to bank robbery, in violation of 18 U.S.C. § 2113(a) (2012). The district court sentenced Owens to 57 months' imprisonment, at the top of her advisory Sentencing Guidelines range. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Owens' counsel has filed a brief certifying that there are no meritorious grounds for appeal, but questioning whether the district court adequately explained the sentence and whether the sentence is greater than necessary to accomplish the purposes of sentencing. Owens has filed a pro se supplemental brief raising procedural and substantive sentencing issues. We affirm.

We generally review the reasonableness of Owens' sentence for abuse of discretion. *United States v. Lymas,* 781 F.3d 106, 111 (4th Cir. 2015). However, we review any unpreserved sentencing challenges for plain error. *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015). First, we assess procedural reasonableness, considering whether the district court properly calculated the Guidelines range, allowed the parties to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Gall v. United States,* 552 U.S. 38, 49-51 (2007). If a sentence is free of "significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

2

Our review of the record leads us to conclude that Owens' sentence is procedurally sound. In her pro se brief, Owens first contends that the district court miscalculated her criminal history category by failing to count sentences for three separate offenses for which she was sentenced on the same date as a single sentence. However, the court properly counted these sentences separately because Owens was arrested for each offense on a different date. *See* U.S. Sentencing Guidelines Manual § 4A1.2(a)(2) (2016) ("Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense)."). Owens next claims that the district court erred in considering conduct in dismissed counts to increase her sentence, but this conduct was properly considered as relevant conduct. *See United States v. Barber*, 119 F.3d 276, 284 (4th Cir. 1997) (holding uncharged or dismissed conduct may be considered as relevant conduct in fashioning sentence). Further, while both *Anders* counsel and Owens argue that the district court's reasoning was insufficient, the court adequately explained the sentence and its rationale for denying Owens' request for a sentence at the bottom of the Guidelines range.

Moreover, Owens' 57-month sentence is substantively reasonable. Although both *Anders* counsel and Owens argue that the sentence is excessive in light of certain mitigating factors, at sentencing, the court specifically addressed these factors in its discussion of the § 3553(a) factors, but concluded that the negative factors outweighed the positive. Thus, Owens has failed to overcome the presumption of substantive reasonableness accorded her within-Guidelines-range sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Owens, in writing, of the right to petition the Supreme Court of the United States for further review. If Owens requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Owens.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*